**Raymond J. PIERI, Jr., Petitioner,**

v.

**DIRECTOR OF MOTOR VEHICLES of the District of Columbia, Respondent.**

No. 3229.

District of Columbia Court of Appeals.

Argued May 22, 1963.

Decided July 22, 1963.

Milton C. Gelenian, Washington, D. C., for petitioner.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Following an automobile collision petitioner was charged in the Court of General Sessions with several offenses including driving while under the influence of intoxicating liquor. Pending disposition of those charges he was served by the Director of Motor Vehicles with notice to show cause why his permit should not be suspended or revoked. At a hearing on this notice there was testimony by the arresting officer that immediately after the collision petitioner had a strong odor of alcohol, was incoherent in speech and was unable to tell what had happened; and that petitioner voluntarily submitted to an urinalysis which revealed that his urine contained .24 per cent of alcohol by weight.[1] Petitioner denied being intoxicated, but admitted that a short time before the accident he had had "about four bottles of beer."

Following the hearing a finding was made that petitioner had operated his motor vehicle while "under the influence of intoxi-

---

1. Code 1961, § 40–609a(a) (3) provides that if a " * * * defendant's urine contained twenty one-hundredths of 1 per centum or more, by weight, of alcohol, such proof shall constitute prima facie proof that defendant at such time was under the influence of intoxicating liquor."

cating liquor" and his operator's permit was "suspended pending a final disposition of the charges now pending in Court."

Several months later a jury acquitted petitioner of the charges of driving while under the influence of intoxicating liquor, of reckless driving, and of leaving after colliding, but found him guilty of colliding and of driving on the wrong side of the street.

Thereafter there was a second hearing before the hearing officer of the Director of Motor Vehicles to "consider further" the previous order of suspension. The arresting officer was present, but after he stated he had nothing to add to his testimony at the previous hearing, he was questioned by no one.

Petitioner was present and made a few general statements, but the greater portion of the hearing consisted of arguments and statements by his attorney regarding expert testimony offered at the trial to discredit the urinalysis finding. At the conclusion the hearing officer found, as he had previously found, that petitioner did operate a motor vehicle while under the influence of intoxicating liquor. As a result there was an order revoking petitioner's driver's permit, with credit given for the time the permit had previously been suspended.

Petitioner argues that there was insufficient evidence to support the hearing officer's finding, but he bases his argument largely on testimony given at the trial. The testimony at trial was not before the hearing officer and is not before us. Petitioner also argues that the hearing officer was biased and failed to give sufficient weight to medical evidence presented at trial respecting the urinalysis test. Again, this medical evidence was not before the hearing officer, except as petitioner's counsel attempted to restate it there.

Essentially petitioner's entire claim of error is that the hearing officer could not find that petitioner had operated a motor vehicle while under the influence of intoxi-

cating liquor because he had previously been acquitted of that specific charge by a jury in the Court of General Sessions. This contention was answered to the contrary in Silver v. McCamey, 95 U.S.App.D.C. 318, 221 F.2d 873; Jenkyns v. Board of Education, 111 U.S.App.D.C. 64, 294 F.2d 260.

Affirmed.