Arvettria QUICK, Petitioner,

v.

DEPARTMENT OF MOTOR VEHICLES of the District of Columbia, Respondent.

No. 7117.

District of Columbia Court of Appeals.

Argued Aug. 30, 1973.

Decided Jan. 20, 1975.

Alexander L. Benton, Washington, D. C., for petitioner.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

This case was brought here upon the petition for review of the decision of the Director, Department of Motor Vehicles,

District of Columbia, revoking petitioner's operator's permit.[1] Because the administrative proceedings had serious procedural infirmities, we must remand.

### I

Petitioner was arrested in the early morning hours of October 4, 1972, for failure to observe a stop sign and for driving while intoxicated. On the same date of his arrest an information was filed by the Corporation Counsel charging petitioner with these offenses and the Department of Motor Vehicles suspended his operator's permit pending application for a hearing.[2] A hearing was requested and the suspension was stayed pending the hearing.

Meanwhile, petitioner went to trial in the Superior Court of the District of Columbia on the charge of driving while intoxicated and was acquitted.[3] Subsequent to this acquittal, a hearing was held before an Examiner of the Department of Motor Vehicles on the order to show cause why his driver's license should not be suspended for driving while intoxicated.[4] After hearing the testimony of the arresting police officer and the petitioner, the Examiner entered an order revoking petitioner's operator's permit.

It was at this point that petitioner's counsel noted that the Examiner had before him, during the entire proceeding, petitioner's traffic record which included several prior offenses. Upon inquiry it was determined that the Examiner had examined this record during the hearing and prior to announcing his decision.[5] Petitioner then sought review by the Director of Motor Vehicles of the Examiner's decision.[6]

In his application to the Director of Motor Vehicles for review of the order of revocation petitioner assigned as error the examination by the Hearing Officer of his traffic record. In addition, petitioner "as an *integral part of this application request*[ed] *that there be a transcript of the proceedings before the aforementioned Hearing Officer, at the Applicant's expense, if necessary.*" (Emphasis in original.)

No hearing transcript was provided [7] and the Director of Motor Vehicles, upon review of "the circumstances which led to the issuance of an order to . . . revoke . . . ." affirmed the revocation by order of the Examiner on January 12, 1973. Petitioner then sought review in this court.

1. D.C.Code 1973, §§ 1–1510, 40–302.

2. D.C.Code 1973, § 40–302.

3. He was found guilty of failing to observe the stop sign.

4. A prior acquittal of the same charge upon which revocation is based is no bar to the administrative proceeding. Pieri v. Director of Motor Vehicles, D.C.App., 192 A.2d 807 (1963).

5. The colloquy between counsel and the Examiner is not a part of the official transcript of the hearing as the tape recorder had already been turned off. The Examiner, however, answered petitioner's allegation by entering an affidavit which stated that he did "not feel that a traffic record that reflects no action by *this Department* in 16 years, could or would prejudge the case or influence my decision." (Emphasis added.)

6. D.C.Code 1973, § 40–302; 32 D.C.Rules and Regulations (DCRR) § 9.601. The show cause hearing began at 3:35 p. m. and after it had terminated petitioner was served at 4:15 p. m. with the official Order of Revocation which revoked his license with the following statement of grounds:
   On 10/4/72, in the 5300 block of Colorado Avenue, N.W. Washington, D.C., you did operate a motor vehicle in such a manner as to show a flagrant disregard for the safety of persons or property in that you did operate a motor vehicle in a reckless manner by weaving on the roadway while under the influence of intoxicating liquor.

7. There appears on petitioner's application for review a notation by the Examiner that counsel for petitioner was advised by telephone of the cost of the transcript. The government does not contend, however, and the record does not indicate, that petitioner ever withdrew his request for the transcript.

He makes four principal assignments of error in his petition for review: 1) the failure to provide a written transcript to enable his administrative appeal; 2) the action of the Examiner in consulting his traffic record without notice to him; 3) the affirmance of the Hearing Officer's decision by the Director of Motor Vehicles without having the record of the proceeding before him, and 4) the failure in the Examiner's decision to set out findings of fact and conclusions of law.[8] Petitioner argues that the procedural irregularities constitute ground for reversal. We agree that the Director's decision must be reversed, but, as shall be developed *infra,* we see no reason to order a new hearing.

## II

The government would have us begin our review of this case by attaching a presumption of regularity to official acts of public officers. "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chemical Foundation, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). "But that presumption is not to shield [such] action from a thorough, probing, in-depth review." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). We find that the record in this case when read together with controlling judicial precedent and the Department of Motor Vehicles' own procedural rules,[9]

of which we are required to take judicial notice,[10] precludes any such presumption from controlling in respect to the Director's action.

## III

Because the privilege of petitioner (a "specific party") to drive was placed in issue by the order to show cause why his license should not be suspended and because procedural due process requires that a hearing be held prior to permanent suspension, *see* Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the revocation proceeding is a "contested case"[11] and is controlled by the District of Columbia Administrative Procedure Act (DCAPA), D.C.Code 1973, § 1–1501 et seq. The Department of Motor Vehicles' procedural regulations implementing the Act are set out at 32 DCRR § 9.101 et seq. *See* n. 9 *supra.*

We deal first with petitioner's contentions regarding his appeal to the Director of Motor Vehicles from the Examiner's decision. The DCAPA (§ 1–1509(c)) provides that:

The Commissioner or Council or the agency shall maintain an official record in each contested case, to include testimony and exhibits, but it shall not be necessary to make any transcription unless a copy of such record is timely requested by any party to such case, or transcription is required by law, other than this chapter. . . . The cost incidental to the preparation of a copy or

---

8. The findings and conclusions were not so sparse as to be fatally defective, though it would have been better procedure to "flesh" them out further and this practice should be followed in the future. Petitioner makes several other contentions which we find to be without substantial merit.

9. "Rules of Practice Governing Procedures in Administrative Hearings Before the Department of Motor Vehicles", 32 DCRR. § 9.101 et seq.

10. D.C.Code 1973, § 1–1504(b).

11. "Contested case" is defined by D.C.Code 1973, § 1–1502(8) as:
[A] proceeding before . . . any agency in which the . . . privileges of *specific parties* are required . . . by constitutional right, to be determined after a hearing [trial type] . . . before an agency . . . . (Emphasis added.)

·copies of a record or portion thereof shall be borne equally by all parties requesting the copy or copies.

The Department's implementing regulation, 32 D.C.Rules and Regulations (DCRR) § 9.510(j), provides for the recording or reporting of hearings and places the burden of the cost on the parties requesting transcription.

■ Petitioner made a timely request to be provided with a transcript and offered to bear the whole cost thereof. He stated that this was an integral part of his appeal to the Director of Motor Vehicles. No transcript was provided. Failure to provide the transcript is directly contrary to § 1–1509(c), *supra,* and to the Department's regulations, and necessitates reversal of the Director's decision.[12]

As to petitioner's contention that the Director of Motor Vehicles affirmed the Hearing Officer's decision without having the record of the proceeding before him, it is undisputed that the Director of Motor Vehicles rendered his decision on January 12, 1973, and that the transcript of the proceedings was not prepared and certified by the Examiner until February 16, 1973.

Section 1–1509(c) goes on to require that:

The testimony and exhibits, together with all papers and requests filed in the proceeding, and all material facts not appearing in the evidence but with respect to which official notice is taken, *shall constitute the exclusive record for order or decision. No sanction shall be imposed or rule or order or decision be issued except upon consideration of such exclusive record,* or such lesser portions

thereof as may be agreed upon by all the parties to such case. . . . (Emphasis added.)

At oral argument, the Assistant Corporation Counsel could neither confirm nor deny that the Director of Motor Vehicles listened to the tape recording of the hearing. In these particular circumstances, this leaves an open question whether the Director was able to consider the record in formulating his decision and, consequently, we are unable to be assured that an essential requirement was met.

IV

■ We next deal with petitioner's contention that it was error for the Examiner to consult his traffic record without notice to him. We agree that this was error. Section 1–1509(b) provides in relevant part that:

Any oral and any documentary evidence may be received, but the Commissioner and Council and every agency shall exclude irrelevant, immaterial, and unduly repetitious evidence. Every party shall have the right to present in person or by counsel his case or defense by oral and documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts. . . .

Petitioner was not aware until after the decision had been rendered that his traffic record was before the Examiner. That record might have contained errors. It might have contained violations actually meant for the record of another or it might have been the record of another. In addition it might not have been relevant and material to the proceeding in which

---

12. "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required." Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974). (Citations omitted.)

case exclusion from the record is required under § 1–1509(b).

 It is fundamental that the mind of the decider should not be swayed by evidence which is not communicated to both parties and which they are not given an opportunity to controvert. Citizens Association of Georgetown v. D. C. Alcoholic B. C. Bd., D.C.App., 288 A.2d 666, 669 (1972).

 In this case the Examiner stated that petitioner's traffic record would not influence his decision.[13] That may be true. Nonetheless, on remand petitioner should be afforded the opportunity to rebut any inaccuracies in his record, if such there be, or to show that it was not relevant or material or otherwise admissible in the proceeding. D.C.Code 1973, § 1–1509(b); 32 DCRR § 9.513.

It hardly needs saying that a large portion of our society is in various degrees dependent upon the automobile in making a living. Revocation or suspension of an individual's driver's license may be no small matter. At the same time, of course, the need to safeguard the highways from driving menaces is no less important. To protect properly the interests of the citizenry and the individuals concerned the Department must comply with its own regulations and the District of Columbia Administrative Procedure Act.

 Because of these procedural infirmities we reverse the order and remand for further proceedings consistent with this opinion. In so doing we do not mean to imply that a new hearing is necessarily required. Rather, the agency need conduct only such proceedings as are necessary to comply with this opinion, and in so doing determine whether a new hearing is required.

So ordered.

13. *See* n. 5 *supra.*