Gerard J. GILLES, Plaintiff,

v.

John E. TOUCHSTONE, et al., Defendants.

Civ. A. No. 85–2180.

United States District Court, District of Columbia.

Dec. 19, 1987.

**55.** *Id.*

Edward Kearney, Washington, D.C., for plaintiff.

Frederick D. Cooke, Jr., Corp. Counsel, Domenique Kirchner, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

The above-captioned case was scheduled to go to trial on November 12, 1987. On the date of trial, defendants renewed their motion for summary judgment. In consideration of defendants' motion, plaintiff's opposition thereto, the trial briefs submitted by the parties, the stipulated facts in the pretrial brief, the supplemental stipulated facts submitted by the parties on the day of trial, the case law, and the entire record of the case, the Court rendered a bench opinion granting defendants' motion for summary judgment. At the time of the bench opinion, the Court indicated that it would issue a written opinion detailing the grounds for granting defendants' motion for summary judgment. Accordingly, the following opinion is issued setting forth the grounds for the Court's entry of summary judgment in favor of the defendants.

## BACKGROUND

Plaintiff, a taxi cab driver, alleges that an inaccurately maintained driver's license record violated his rights under the fifth amendment. The facts and procedure underlying this case are convoluted, to say the least. The parties, however, submitted stipulated facts that greatly assisted the Court in determining the sequence of events that gave rise to plaintiff's claim. The District of Columbia Bureau of Motor Vehicle Services (BMVS) compiled an inaccurate driver's record showing that plaintiff had a number of points which he, in fact, did not possess. Stipulated Facts (SF) ¶ a. On April 26, 1984 plaintiff appeared at a hearing before the Bureau of Traffic Adjudication for four moving violations. SF ¶ c. The Bureau found plaintiff liable for two of the violations and continued the other violations. *Id.* On April 26, 1984, the plaintiff was issued an official notice of proposed suspension. SF ¶ d. On April 27, 1984, plaintiff requested a hearing on the proposed suspension. SF ¶ e. On the same day the BMVS issued plaintiff a proposed notice of revocation based on the fact that plaintiff's driving record showed 44 points on his license and notified plaintiff that a hearing would be held on plaintiff's driver's license on May 18, 1984. SF ¶¶ f, g. The hearing, at which plaintiff was present, was conducted on May 18, 1984 by Hearing Examiner Donovan L. Gay. Supplemental Stipulated Facts ¶ 1 (SSF). At the hearing plaintiff contended that his driver's record was inaccurate. *Id.* Hearing Examiner Gay revoked plaintiff's li-

cense on the same day as the hearing. SSF ¶ 2. Plaintiff did not exercise his right to appeal Gay's decision to the Director, Department of Public Works and then, if still unsatisfied with the decision, to the District of Columbia Court of Appeals. SSF ¶ 2.[1] On May 22, 1984, plaintiff was issued a restricted driver's license authorizing plaintiff to operate his taxicab Monday through Saturday, 9:00 a.m. to 7:00 p.m. SF ¶ i. Again, plaintiff did not appeal the issuance of the restricted driver's license.

Plaintiff also appeared in separate proceedings before the Hacker's License Appeal Board held on April 26, 1984 to address complaints filed against plaintiff by passengers. SSF ¶ 3. The Hackers' Board issued orders finding that plaintiff had overcharged his passengers and behaved rudely toward them in violation of the hackers' regulations, Title 15 DCMR §§ 350.3, 305.1. SSF ¶ 3. The Hackers' Board fined plaintiff $600 and revoked plaintiff's hacker's identification card, also known as his "face." Plaintiff did appeal the Hackers' Board's decision to the District of Columbia Court of Appeals.[2] The Court of Appeals remanded the case to the Hackers' Board for reconsideration. On August 14, 1984 the Hackers' Board, upon

reconsideration, revoked plaintiff's hacker's identification card for nine months and imposed a $300 fine in light of plaintiff's history of similar violations. Plaintiff had a right to appeal this decision to the District of Columbia Court of Appeals that plaintiff did not exercise. SSF ¶ 3.

On February 25, 1985, plaintiff requested the Board to shorten the period of revocation of his hacker's identification card from nine to six months. On March 14, 1985 the Hackers' Board, after holding a hearing on plaintiff's request that the Board shorten the revocation period, denied the request. Plaintiff had the right to appeal, and again, plaintiff did not exercise his appeal right. SSF ¶ 3.

Ultimately, the 44 points that erroneously were entered upon plaintiff's record were removed and by August 1, 1985, plaintiff's driving record had been corrected. SSF ¶ 5.[3]

## PROCEEDINGS BEFORE THIS COURT

Plaintiff originally filed this action on July 9, 1985. Plaintiff sued a number of District of Columbia government officials both in their administrative and individual capacities.[4] The Court granted plaintiff leave to amend his complaint. The amend-

---

1. Under the Traffic Adjudication Act of 1978, D.C.Code §§ 40–601 *et seq.* (1981), traffic violations are treated administratively. Hearing examiners adjudicate alleged traffic violations. D.C.Code §§ 40–604, 40–616, 40–626. A driver may seek review of the hearing examiner's decision by appealing to the agency's Director. D.C. Code § 40–632 (1981). The driver may seek review of the Director's decision by filing an application for the allowance of the appeal to the Superior Court of the District of Columbia. D.C.Code § 40–635. If the agency Director, however, affirms a suspension or revocation of a driver's license, the driver may seek review in the District of Columbia Court of Appeals pursuant to the District of Columbia Administrative Procedure Act. D.C.Code §§ 1–1510, 40–635. *See Carpenter v. D.C. Traffic Adjudication Appeal Board,* 530 A.2d 680 (D.C.1987); *Stowell v. D.C. Department of Transportation,* 514 A.2d 438 (D.C.1986); *District of Columbia v. Sullivan,* 436 A.2d 364 (D.C.1981).

2. The District of Columbia Court of Appeals has been statutorily granted the jurisdiction of review of agency actions. D.C.Code §§ 11–722, 1–1510 (1981). The Court of Appeals has jurisdiction over challenges to agency action in con-

tested cases. The court consistently has held that proceedings before the Hackers' Board are contested cases and are reviewable by the Court of Appeals. *See, e.g., Debruhl v. D.C. Hackers' License Appeal Board,* 384 A.2d 421, 425 (D.C. 1978); *Richards v. D.C. Hackers' License Appeal Board,* 357 A.2d 439, 440 n. 1 (D.C.1976).

3. The 44 points that were removed are independent of any points which plaintiff legitimately received during the period of August through October 1985. During that period, the Bureau of Traffic Adjudication held hearings on 61 tickets issued to plaintiff. The Bureau found that plaintiff was liable for 29 tickets and imposed fines totalling $655. SSF ¶ 4.

4. The defendants originally included the District of Columbia: Mayor Marion Barry; John D. Touchstone, the director of the Department of Public Works; Robert Thompson, the administrator of the Transportation Systems Administration; Donald Anderson, an employee/supervisor of the Public Vehicles Department; James McWilliams, the Director of the Bureau of Traffic Adjudication; and Stanley Foshee, the Chairman of the Hackers' License Appeal Board.

ed complaint deleted some previously named defendants and added some previously unnamed defendants. Specifically, plaintiff sued the following individuals in the official and individual capacities: John Touchstone, Director of the Department of Public Works; Robert Thompson, an administrator with the Transportation Systems Administration; James Harford, the Chief of the Permit Control Division; Clifton Ware, a supervisor of the Driver Improvement Branch, Bureau of Motor Vehicles Services; and Joan Bailey, the former Chairperson of the Hackers' License Appeal Board. On August 26, 1987, the Court granted defendants' motion to dismiss Joan Bailey and John Touchstone. On the date scheduled for trial, counsel for plaintiff affirmed his statements made at the pretrial conference that plaintiff did not have an adequate case against James Harford and Robert Thompson and agreed to dismissing those two defendants. The Court, therefore, dismissed Harford and Thompson. Thus, the Court, in addressing defendant's renewed motion for summary judgment, is faced with only one defendant, Clifton Ware.

Plaintiff asserts a property interest in the continued use of a properly maintained driver's record. Plaintiff alleges that defendant Ware violated plaintiff's due process rights under the fifth amendment because Ware allegedly created and maintained an inaccurate driver's record for plaintiff. The administrative agencies allegedly then relied upon the inaccurate record in their decisions regarding plaintiff's driver's license and hacker's license. It is important to note that neither the administrative agencies nor the administrators involved in the hearings are before the Court. The Court is dealing solely with the supervisor of the bureau responsible for physically entering the assessed points onto the driver's record. Plaintiff maintains that by incorrectly entering the points the individual defendant violated plaintiff's constitutional rights to a fair trial.

### DISCUSSION

■ Procedural due process requires that a fair hearing be held prior to permanent suspension of a driver's license. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Quick v. Department of Motor Vehicles*, 331 A.2d 319, 321 (D.C. 1975). An agency does not deny a driver due process by failing to show the driver a computer printout of his driver's record as long as the agency conducting the hearing informs the individual of the record before the agency and gives the individual an opportunity to contest the record before the agency. *See Carpenter v. District of Columbia Traffic Adjudication Appeal Board*, 530 A.2d 680, 681 (D.C.1987). The plaintiff was given an opportunity to contest the information on which the administrative agencies relied. Thus, as to the allegation that the administrative agency violated his due process rights, plaintiff was not denied due process.

■ Furthermore, plaintiff's assertion that the administrative agencies committed errors by relying on an inaccurate driver's record fails to state a violation of due process. The fifth amendment protects against deprivation of property *without due process of law*. The United States Supreme Court has addressed the issue of what process is due a person when an employee of a state negligently takes an individual's property. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The Supreme Court held that as long as the state provides an adequate state remedy to redress and compensate individuals deprived of property by state employees acting under the color of state law, due process is satisfied. *Id.* at 543–44, 101 S.Ct. at 1917. An individual may challenge the adequacy of the state remedy as violative of due process. *Id.* However, the challenge of the state remedy is wholly apart from a challenge to the action of state employee allegedly depriving an individual of due process. *See id.* at 542–44, 101 S.Ct. at 1916–17 (citing *Bonner v. Coughlin*, 517 F.2d 1311, 1319 (7th Cir. 1975), *modified en banc*, 545 F.2d 565 (1976), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978)).

In the present action, plaintiff challenges the action of defendant Ware. Plaintiff claims that Ware, acting under the color of state law, deprived plaintiff of property in violation of due process when Ware erroneously included points on plaintiff's driving record. Plaintiff *does not* allege that his due process rights were violated because the state remedies were inadequate. In fact, the state remedy for alleged violations of an individual's due process rights is adequate. Under District of Columbia law, a driver may seek review of the hearing examiner's decision by appealing to the agency's Director. D.C.Code § 40–632 (1981). If the agency Director affirms a suspension or revocation of a driver's license, the driver may seek review in the District of Columbia Court of Appeals pursuant to the District of Columbia Administrative Procedure Act. D.C.Code §§ 1–1510, 40–635. Plaintiff on three occasions did not exercise his right of appeal when he was unhappy with the administrative decisions which allegedly were based on the inaccurate record. Plaintiff was aware of his right of appeal as evidenced by the fact that plaintiff did in fact exercise his right of appeal one time when he appealed the Hackers' Board's decision to revoke his hacker's license. Failure to exercise available adequate state remedies does not entitle a plaintiff to compensation for due process violations. As the United States Court of Appeals for the Third Circuit stated, "substantive mistakes by administrative bodies in applying local ordinances do not create a federal claim so long as correction is available by the state's judiciary." *Cohen v. City of Philadelphia*, 736 F.2d 81, 86 (3rd Cir.), *cert. denied*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984) (Third circuit joins First and Seventh Circuits in holding that individual's due process rights are not violated as long as adequate state procedures exist to remedy negligent errors in applying local law); *see also, Roy v. City of Augusta*, 712 F.2d 1517, 1524 (1st Cir.1983); *Ellis v. Hamilton*, 669 F.2d 510, 514 (7th Cir.), *cert. denied sub nom. Ellis v. Judge of the Putnam Circuit Court*, 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982).

Under Federal Rule of Civil Procedure 56(c) a court shall render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The United States Supreme Court recently provided significant guidance as to those circumstances when summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court stated that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issues of *material* fact." *Anderson*, 106 S.Ct. at 2510 (emphasis in the original). The party moving for summary judgment has the burden of demonstrating that there is no genuine issue of fact. *Id.* at 2514. The party opposing the summary judgment motion, however, must present "affirmative evidence" in order to defeat a properly supported summary judgment motion. *Id.* The Court shall grant a properly supported summary judgment motion if the moving party demonstrates a lack of genuine triable issues of material fact. *Celotex*, 106 S.Ct. at 2555.

Applying the standard for summary judgment to the case at bar, the Court determines that summary judgment is appropriate. At this juncture of the case, there is only one defendant, Clifton Ware, who, both parties agree, erroneously placed points on plaintiff's driving record. Although the administrative agency may have relied on those erroneously placed points, the parties' stipulated facts demonstrate that plaintiff was aware of his right to appeal adverse administrative agency decision. Plaintiff does not dispute that the appeal provisions were anything but adequate. The case law demonstrates that the existence of adequate state remedies satisfies due process. The mere failure of plaintiff to exercise his rights of appeal does not mandate that a due process viola-

tion existed. Accordingly, in consideration of defendants' motion for summary judgment, the opposition thereto, the parties' stipulated facts, the parties' supplemental stipulated facts, the case law, and the entire record of this action, the Court determines that there is not a genuine triable issue of material fact and that summary judgment is appropriate.