CAMP v. HERZOG et al.

No. 10774.

United States Court of Appeals
District of Columbia Circuit.

Argued March 16, 1951.

Decided April 26, 1951.

·Charles Edward Rhetts, Washington, D. C., for appellant.

A. Norman Somers, Asst. General Counsel, National Labor Relations Board, Washington, D. C., with whom William R. Consedine, Associate Solicitor, National Labor Relations Board, Washington, D. C., was on the brief, for appellees.

Before PRETTYMAN, BAZELON, and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant, a member of the bar of Texas, seeks to enjoin appellees, members of the National Labor Relations Board, from proceeding with a hearing to determine whether disbarment or "other appropriate disciplinary action" should be taken against him. The Board hearing grew out of a charge by its General Counsel that appellant, while appearing as counsel in a proceeding before a trial examiner of the Board, committed an unprovoked physical assault of an aggravated character upon a Board attorney. In seeking judicial intervention to forestall the hearing, appellant alleges that the Board is not authorized, either expressly or impliedly, to conduct disciplinary proceedings against him, and that even if it did possess some such inherent power, it has not exercised that power in the manner required by § 3(a) of the Administrative Procedure Act.[1] Thus,

1. § 3 of the Act, 5 U.S.C.A. § 1002, provides:

"Except to the extent that there is involved (1) any function of the United States requiring secrecy in the public interest or (2 )any matter relating solely to the internal management of an agency—

"(a) Every agency shall separately state and currently publish in the Federal Register (1) descriptions of its central and

field organization including delegations by the agency of final authority and the established places at which, and methods whereby, the public may secure information or make submittals or requests; (2) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal or informal procedures available as well as forms and instructions as to the scope

he rests his claim for relief not only upon general principles of equity but also upon the ground that under § 10(c) of the Administrative Procedure Act,[2] appellees' repeated refusals to discontinue the disciplinary proceeding constitute illegal "final agency action" which will result in irreparable damage for which he has no other adequate remedy.

We agree with the court below that this suit must fail. Whether the Board inherently possesses the requisite authority to discipline those who practice before it or possesses such authority as a necessary incident to the powers conferred upon it by its governing statute is a question which should be answered by the Board in the first instance. If given such an opportunity, it may resolve this as well as the other procedural issues in appellant's favor. And even if they should be decided against him, the Board may conclude on the merits to take no disciplinary action. In either event, judicial relief may ultimately prove unnecessary. We do not think that, under the circumstances of this case, the nature of the injury alleged by appellant warrants relaxation of the rule that administrative remedies must be exhausted before judicial relief may be sought.[3]

Affirmed.

and contents of all papers, reports, or examinations; and (3) substantive rules adopted as authorized by law and statements of general policy or interpretations formulated and adopted by the agency for the guidance of the public, but not rules addressed to and served upon named persons in accordance with law. No person shall in any manner be required to resort to organization or procedure not so published."

2. 5 U.S.C.A. § 1009(c) provides:
    "Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action. Except as otherwise

expressly required by statute, agency action otherwise final shall be final for the purposes of this subsection whether or not there has been presented or determined any application for a declaratory order, for any form of reconsideration, or (unless the agency otherwise requires by rule and provides that the action meanwhile shall be inoperative) for an appeal to superior agency authority."

3. See Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Macauley v. Waterman S. S. Corp., 1946, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Davis, Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, and Primary Jurisdiction, 28 Texas L.Rev. 168 (1949).