**Johnny F. CHEEK, Plaintiff,**

v.

**Walter E. WASHINGTON et al., Defendants.**

**Civ. A. No. 583–70.**

United States District Court, District of Columbia.

July 26, 1971.

See also D.C., 311 F.Supp. 965.

Roger C. Wolf, Washington, D. C., for plaintiff.

Frederic Lee Ruck, Asst. Corp. Counsel, Washington, D. C., for defendant.

Before McGOWAN and WILKEY, Circuit Judges, and SMITH, District Judge.

## MEMORANDUM OPINION AND ORDER

PER CURIAM.

This matter came on for hearing on plaintiff's motion for a preliminary injunction and defendants' motion to dismiss for want of subject-matter jurisdiction. The complaint sought declaratory and injunctive relief premised upon the asserted unconstitutionality under Fifth Amendment due process of 40 D.C. Code § 437 (1967 ed.), which is part of the Motor Safety Responsibility Act of 1954. Specifically, that statute was alleged to be invalid to the extent that it requires, without prior hearing or determination of fault, suspension of drivers' permits and auto registrations upon a mere finding of involvement in an accident causing more than $100 damages and that the person so involved is either uninsured, unable to post security, or unable to obtain a release from the other parties.

Plaintiff was, *pendente lite*, permitted to retain his driving privileges by virtue of consent preliminary injunction which was entered shortly after the hearing. The terms of the injunction were that final disposition on the merits of the complaint could be made on the record as it then stood; and there was also reserved for determination on its merits the defendants' jurisdictional challenge. While the case was under submission in this manner, the Supreme Court handed down a decision which, although involving the Motor Vehicle Safety Responsibility Act of Georgia, appears to establish the merits of plaintiff's constitutional claim as against the District of Columbia Act.[1] Bell v. Bur-

1. These two statutes, like those in effect in many other states, have their common origin in the drafting by the Commissioners on Uniform State Laws of a Uniform

son, 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90 (1971). Under it the defendants would seem to have no alternative but to alter the procedures of which plaintiff complains; and his lawsuit has, as a practical matter, lost its immediacy.

■ The disposition we now make of this case, however, reflects the conclusions we have reached on the jurisdictional issues raised by defendants' motion to dismiss, as distinct from the merits of plaintiff's Fifth Amendment claim. The facts relevant to the former are as follows: When plaintiff was notified that his permit and registration were subject to suspension under the District of Columbia Act, he appealed this action to the Board of Appeals and Review of the Department of Motor Vehicles. That agency, after hearing, upheld the order of suspension. At that time there had become effective the District of Columbia Administrative Procedure Act. 1 D.C.Code §§ 1501 et seq. (1967 ed. Supp. IV, 1971). Section 1510

of that statute provides for direct review as of right by the District of Columbia Court of Appeals of the orders of administrative agencies which are a part of the D.C. Government. The Congressional purpose to make that review normally exclusive seems clear; and it is one we are bound to respect.[2]

Thus, as of the time the suspension of plaintiff's permit became final and effective, by reason of the decision of the Board of Review, plaintiff's avenue of further relief was by petition for review in the DCCA. In any such review he could have raised and had determined the constitutional claims which he advances here.[3]

■■ In the case of federal administrative agencies for whom Congress has provided direct review in the federal courts of appeals, the Supreme Court has admonished that this review is to be availed of and not ignored by resort to the district courts in the first instance. *See* Boire v. Greyhound Corp., 376 U.S. 473, 481–482, 84 S.Ct. 894, 11 L.Ed.2d

Motor Vehicle Safety Responsibility Act. This model statute was widely adopted with little or no change.

2. *See* S.Rep.1541, 90th Cong. 2d Sess, pp. 5, 6, 8, and 9. Prior to the enactment of the Administrative Procedure Act, this court had jurisdiction, in consequence of its general equity jurisdiction, to review the decisions of certain of the District of Columbia boards and commissions, whereas review of others was centered in the District of Columbia Court of Appeals. Rulings of the Department of Motor Vehicles were, however, committed to the "exclusive" jurisdiction of the DCCA, although at that time allowance of an appeal by that court was necessary. 11 D.C.Code 742 (1967 ed.) ; *and see* District of Columbia Insurance Placement Facility v. Washington (No. 22,967, decided December 24, 1969). The Administrative Procedure Act established review as of right, rather than by leave, of all District of Columbia administrative agencies, and the DCCA was made the avenue of review. Congress has exhibited clearly its purpose to bring about uniformity of decision by this centralization of review in the one court.

3. The review is on the basis of the record made before the agency ; and the reviewing court is empowered "to interpret constitutional and statutory provisions," and "to hold unlawful and set aside any action * * * contrary to constitutional right, power, privilege, or immunity." The reviewing court is also authorized by the statute to stay enforcement of agency decisions pending determination of the merits of the petition for review.

In plaintiff's Supplemental Memorandum No. 2 filed after oral argument, it is said that plaintiff could not get the same relief *pendente lite* in the DCCA as he could in this court, by reason of Rule 11 of the DCCA's rules governing appeals under the Motor Vehicle Safety Responsibility Act. Those rules, adopted by the Municipal Court of Appeals in 1955, were rescinded, effective February 1, 1971. For the present provision governing stays by the DCCA of agency action pending review on the merits, see Rule 18 of that court's general rules. Had plaintiff sought a stay from the DCCA and been denied it by reason of the highly dubious conditions contained in the old Rule 11, he could have sought relief in the United States Court of Appeals.

849 (1964). In the same way, when Congress has created two sets of tribunals in the District of Columbia and prescribed the jurisdiction of each, we should be slow to disregard that allocation. The Administrative Procedure Act was an effort not only to expand rights of review of administrative action in the District of Columbia, but also to centralize such review in one place and to eliminate the disorderliness and lack of uniformity of decision inherent in multiple tribunals. To permit plaintiff to abandon the prescribed course of administrative adjudication for the purpose of seeking the aid of this court would frustrate the goals of the Congressional scheme.[4]

Whether the matter be regarded in terms of an absolute want of jurisdiction or the undesirability of exercising under these circumstances the equitable jurisdiction which plaintiff invokes, we think the motion to dismiss is meritorious; and it is hereby granted.

4. The enactment by Congress of the D.C. Court Reform and Criminal Procedure Act of 1970, Public Law 91–358, 91st Congress, with its emphasis upon the determination of local matters in the local courts of the District, powerfully reenforces the step in that direction taken earlier in the Administrative Procedure Act. The purposes of neither statute would be furthered by permitting easy resort to the District Court to mount objections to administrative rulings for which direct statutory review has been provided in the DCCA. *See* North v. Greene, Civil Action No. 413–71, March 18, 1971.