Deborah Ann SMITH et al., Appellants,

v.

Joseph P. MURPHY et al., Appellees.

Joseph P. MURPHY et al., Appellants,

v.

Deborah Ann SMITH et al., Appellees.

Nos. 6285, 6289.

District of Columbia Court of Appeals.

Argued May 2, 1972.

Decided Aug. 15, 1972.

John A. Hodges, Washington, D. C., with whom Edward E. Schwab, Washington, D. C., was on the brief, for Smith, and others.

Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for Murphy, and others.

Before GALLAGHER, NEBEKER and PAIR, Associate Judges.

NEBEKER, Associate Judge:

This appeal and cross-appeal are from an order granting partial relief by way of summary judgment to plaintiffs in a suit brought as a class action for declaratory judgment and injunctive relief. The action seeks to force responsible officials of the District of Columbia Department of Motor Vehicles to follow certain procedures when acting under the Motor Vehicle Safety Responsibility Act of the District of Columbia (D.C.Code 1967, § 40–417 et seq.). The named plaintiffs, three of whom intervened as parties to plaintiff Smith's action, are all uninsured motorists who were in traffic mishaps and were required to comply with the security provisions of the Act or face suspension of driving privileges and auto registration. The suit is a reverberation from last year's decision by the Supreme Court in Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90 (1971), which held unconstitutional the presuspension hearing procedure under the Georgia Motor Vehicle Safety Responsibility Act[1] in that no determination was made respecting "a reasonable possibility of judgments in the amounts claimed being rendered against the licensee." Id. at 540, 91 S.Ct. at 1590. Plaintiffs' ultimate contentions are (1) that the administrative proceeding, now required to look to the question of a reasonable possibility of liability, must provide an adversary hearing with opportunity for confrontation and cross-examination; (2) that the hearing procedures required under section 10 of the District of Columbia Administrative Procedure Act (D.C.Code 1967, § 1–1509 (Supp. V, 1972)) are mandatory in these cases and impose upon the Department of Motor Vehicles the burden of showing a reasonable possibility of liability; and (3) that Bell v. Burson, supra, applies retroactively.

The named plaintiffs contend they represent different subclasses of the general class asserted to be those many uninsured motorists who, before and after the date of Bell v. Burson, supra—May 24, 1971—were required to post security or suffer suspension. Smith and Stark were unable to post security as administratively determined prior to May 24, 1971, and thus

---

1. Ga.Code Ann. § 92A–601 et seq. (Supp. 1970). It has been observed that the District of Columbia Act and the Georgia Act had their origins in the Uniform Motor Vehicle Safety Responsibility Act, which model statute has been widely adopted with little or no change. Cheek v. Washington, 333 F.Supp. 481, 482–483 n. 1 (D.D.C. (three-judge court) 1971).

their driver's permits were suspended. Thomas posted necessary security in 1969. Brockenberry was in an accident in 1969. A Security Notice and Order of Suspension was mailed to him in March 1971, but was never received. In August, he attempted to secure tags for another automobile, was denied them and was then required to surrender his driver's permit. Because of our disposition of these appeals on jurisdictional grounds, we need not determine whether Brockenberry's case presents, as do the others, a question of retrospective application of Bell v. Burson, *supra*. We likewise need not decide whether, as with Thomas, one who elected to post security before Bell v. Burson, *supra,* may challenge an administrative order through retroactive application of that decision.

At oral argument, this court asked for supplemental memoranda on the question whether the trial court lacked subject-matter jurisdiction in light of statutory review procedures set forth in D.C.Code 1967, § 40–420 (Supp. V, 1972). In their memorandum, plaintiffs take the view that this issue is one of "primary jurisdiction" and that the assumption of jurisdiction is discretionary. The defendants now contend that subject-matter jurisdiction is lacking since a statutory review procedure has been established in § 40–420. We do not find it necessary to resolve the question of which position is correct because we hold that in either event the complaint should have been dismissed. We do so on the authority of Whitney National Bank v. Bank of New Orleans, 379 U.S. 411, 419–420, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); Boire v. Greyhound Corp., 376 U.S. 473, 481–482, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); and Cheek v. Washington, 333 F.Supp. 481 (D. D.C. (three-judge court) 1971).

■ Under D.C.Code 1967, § 40–420 (Supp. V, 1972), plaintiffs had a right to seek review by the Commissioner of the District of Columbia of "[a]ny order or act" of the Director of the Department of Motor Vehicles. None undertook to do so. We think this failure to utilize the prescribed mode of review, which in the cases of Smith, Stark, and Brockenberry could have included a petition for allowance of appeal directly in this court from an adverse decision by the Commissioner,[2] precludes relief of the nature sought in the trial court.

■ Plaintiffs contend that the Commissioner—acting as he does in this type of case through the Board of Appeals and Review[3]—would not afford them the particular relief they seek.[4] This is by no means certain. In the case of *Wille Lee Strong, Jr.* (*see* footnote 4, *supra*), the

---

2. The second paragraph of D.C.Code 1967, § 40–420 (Supp. V, 1972), permits an application for allowance of an appeal from an order or decision of the Commissioner from "[a]ny person whose license or motor-vehicle registration shall be denied, suspended, or revoked. . . ." Since Thomas posted the required security and did not seek review of that order by the Commissioner, his case does not present the question whether, absent the right of judicial review in § 40–420, he may nonetheless be considered a "person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of the Commissioner . . ." within the meaning of the District of Columbia Administrative Procedure Act (D.C.Code 1967, § 1–1510 (Supp. V, 1972)).

3. *See* Organization Order No. 112, D.C. Code 1967, Title I, Appendix (Supp. V, 1972, p. 101 et seq., Class F cases).

4. Plaintiffs observe that in Appeal of Willie Lee Strong, Jr., (No. MV–41, Aug. 12, 1971), the Board of Appeals and Review declined to treat the issues of confrontation, cross-examination and procedural rights in remanding that case to the Director for reconsideration in light of Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) and Cheek v. Washington, *supra* note 1. However, we do not view the Board's disposition in that case as precluding administrative relief before the Director or the Board of Appeals and Review on the issues pressed if proper administrative procedures were followed.

■■■■■■■■■■■■■■■■

Board of Appeals and Review remanded the case to the Director of Motor Vehicles for reconsideration in light of Bell v. Burson, *supra*. The Board rightly had no occasion then to force the Director to follow procedures not yet fully considered by him in light of the recent Supreme Court decision. Plaintiffs have not presented a case for relaxation of the ordinary rule requiring exhaustion of administrative remedies. *See* Camp v. Herzog, 88 U.S.App.D.C. 373, 190 F.2d 605 (1951). The contrasting holding in Public Utilities Commission v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958), is applicable in cases unlike this one only when the power given the agency, if exercised at all, would be clearly unconstitutional. To hold that the asserted likelihood of failure to succeed at the administrative level justifies resort to a court of general jurisdiction would frustrate the specific mandate of Congress: (1) that this court have discretion whether to review adverse orders of the Commissioner under the Motor Vehicle Safety Responsibility Act; and (2) that such review, if allowed, shall be on an administrative record and "as provided in the District of Columbia Administrative Procedure Act (D.C.Code, secs. 1–1501 to 1–1510)." *See* D.C.Code 1967, § 40–420 (Supp. V, 1972).[5] Where the final steps of review in the administrative process culminate in (1) the application for allowance of judicial appeal; and (2) the discretionary exercise of review by this court,[6] it cannot be said that the exhaustion of these remedies should be aborted in order that the trial court must confront and deal initially with the asserted constitutional issues.

■■■■■ It is also significant that plaintiffs, apparently recognizing the difficulty they face in failing to follow § 40–420 procedure, repeatedly urge that asserting a class action or requesting relief on behalf of a class of persons similarly situated, remedies this defect and gives rise to general equity jurisdiction. The fallacy of this argument is that the similarly situated class must also be deemed to be persons who have not exercised their rights to review as prescribed by § 40–420 in order to satisfy the commonality requirements of Rule 23. SCR–Civ. 23(a) (2) and (3). *See* Spriggs v. Wilson, D.C.Cir., 467 F.2d 382 at 388 (decided July 27, 1972) (Tamm, J., concurring). Moreover, assertion of class relief cannot vest jurisdiction where it does not otherwise exist. Wilson v. Kelley, 294 F.Supp. 1005, 1010 (N.D.Ga. (three-judge court)), aff'd, 393 U.S. 266, 89 S.Ct. 477, 21 L.Ed.2d 425 (1968). Of course, no one denies that should this court rule in a proper proceeding on the points plaintiffs pursue, ordinary principles of stare decisis [7] and administrative reaction by defendants to such decision would afford the same relief as if class relief had been granted.[8]

The judgment of the trial court is

Reversed and the case remanded with instructions to dismiss.

---

5. *See* D.C.App.Gen.R. 15–20, which, though not specifically mentioning § 40–420 applications, apply to permit exercise of our discretion under that provision.

6. D.C.Code 1967, § 11–721 (Supp. V, 1972).

7. Warring v. Colpoys, 74 App.D.C. 303, 306, 122 F.2d 642, 645 (1941).

8. A Quaker Action Group v. Hickel, 139 U.S.App.D.C 1, 4, n. 2, 429 F.2d 185, 188 n. 2 (1970).