**H. Thomas FOLEY et al., Appellants,**

**v.**

**DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS, Appellee.**

**No. 10124.**

District of Columbia Court of Appeals.

Argued March 9, 1976.

Decided May 24, 1976.

H. Thomas Foley, pro se, with whom Robert P. Santangelo, pro se, and Robert F. Donohoe, pro se, were on the brief, for appellants.

Warren M. Silver, Washington, D.C., with whom Winfred R. Mundle, Washington, D. C., was on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and HARRIS, Associate Judges.

PER CURIAM:

Appellants brought suit in the Superior Court for the District of Columbia seeking a declaratory judgment that D.C.Code 1975 Supp., § 1–1182(b)[1], is unconstitutional and an injunction restraining appellee District of Columbia Board of Elections and Ethics from enforcing the statute and the accompanying regulations adopted by the Board. The trial court dismissed appellants' complaint for failure to state a cause of action and for failure to exhaust their administrative remedy. We affirm the court's action on the latter ground.

Appellants are medical doctors and employees of the District of Columbia government occupying positions in grade GS–15 of the General Schedule under 5 U.S.C. § 5332 (1970), and as such, they may be subject to the filing requirement imposed by D.C.Code 1975 Supp., § 1–1182(b).

1. Section 1–1182(b) provides in pertinent part:

[E]ach officer and employee of the District of Columbia government who performs duties of the type generally performed by an individual occupying grade GS–15 of the General Schedule under section 5332 of title 5, United States Code, or any high-er grade or position (as determined by the Board regardless of the rate of compensation of such individual), shall file with the Board . . . [enumerated tax and other personal financial data for the preceding calendar year] . . . before the fifteenth day of May in each year . . . . .

Pursuant to the authority conferred on the Board by § 1–1182(b) to determine which employees of the District of Columbia shall be required to file financial statements, and the general rule-making powers delegated by D.C.Code 1975 Supp., § 1–1105(a)(8), the Board promulgated 22 DCRR § 13.15. This regulation provides in pertinent part:

> [A]ny individual may be exempted [from filing financial statements] upon and pursuant to a written verified application by the individual and a finding by the Board that his or her duties (the non-elected officer, employee and/or appointee) do not involve or affect the following areas as specified in paragraph "b" below.
>
> (b) Contracting, procurement, administration of grants or subsidies, planning, inspecting, licensing, regulating, auditing, or any other activity which would have an economic impact on the interests of any non-governmental enterprise, or any other potential conflict of interests as may be determined by the Board.

Appellants Foley and Donohoe refused to file financial statements *or* to request exemptions for the years 1973 and 1974 under the above section 13.15. Appellant Santangelo applied for and was granted an exemption for 1973 but did not file either a financial statement or a request for an exemption for 1974. As a result, fines were imposed on two of the appellants.

■ It is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). One rationale of the rule is judicial efficiency and economy, for if an administrative agency can vindicate or protect an individual's rights there is no need for a court to intervene. *See McKart v. United States,* 395 U.S. 185, 193–95, 89 S. Ct. 1657, 23 L.Ed.2d 194 (1969); *Camp v. Herzog,* 88 U.S.App.D.C. 373, 374, 190 F.2d 605, 606 (1951). Moreover, given the traditional reluctance of courts to decide constitutional issues unnecessarily, "the very fact that constitutional issues are put forward constitutes a strong reason for not allowing this suit either to anticipate or to take the place of [a final alternative judicial or administrative procedure]. When that has been done, it is possible that nothing will be left of appellant's claim . . . ." *Aircraft & Diesel Corp. v. Hirsch,* 331 U.S. 752, 772, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796 (1947); *see Hadnott v. Laird,* 149 U.S.App.D.C. 358, 463 F.2d 304 (1972).

■ We believe that appellants' failure to pursue their administrative remedy by requesting the Board to grant them exemptions from the disclosure requirements precludes their initiating a judicial action to have the statute declared unconstitutional and to enjoin its enforcement. *See, Smith v. Murphy,* D.C.App., 294 A.2d 357 (1972); *Hadnott v. Laird, supra; Camp v. Herzog, supra; Doe v. Martin,* 404 F.Supp. 753, 763 (D.D.C.1975).

Appellants argue that they need not exhaust any administrative remedies because such an effort would be futile[2] in that the relief they request, a declaration that § 1–1182(b) is unconstitutional, has already been refused by the Board. But this argument by appellants in our view misconstrues the nature of the administrative relief available to them. Since appellants are only harmed by application of the allegedly unconstitutional statute to them-

---

2. *See American Federation of Government Employees v. Acree,* 155 U.S.App.D.C. 20, 23–24, 475 F.2d 1289, 1292–93 (1973).

selves, if they obtain through administrative processes an exemption from its requirements there can be no potential injury to them[3] and consequently there is no reason for us to determine the statute's constitutionality.[4] As the District of Columbia Circuit Court of Appeals noted in *Hadnott v. Laird, supra,* 149 U.S.App.D.C. at 364, 463 F.2d at 310:

> [I]t would be particularly inappropriate for this court to involve itself with such constitutional claims at this point. Involvement might well be unnecessary, if the plaintiffs pursued the range of alternatives available to them . . . .

Hence we are not persuaded that the general rule, requiring exhaustion of all administrative remedies before resort to judicial action is allowed, should be relaxed in this case. If appellants apply for an exemption and it is granted, judicial relief from the allegedly unconstitutional requirements is unnecessary. *See McKart v. United States, supra,* 395 U.S. at 195, 89 S. Ct. 1657; *Camp v. Herzog, supra,* 88 U.S. App.D.C. at 374, 190 F.2d at 606. If the exemption is refused appellants may then proceed accordingly.[5]

*Affirmed.*

---

3. Appellants also appear to contend that merely going through the act of applying for an exemption is in itself an injury. But, in the first place, the making of such an application is within the legislature's power to require. *Cf. Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 654–61, 46 L.Ed.2d 659 (1976). And to hold that being forced to exhaust an administrative remedy is a separate injury amenable to judicial action before the exhaustion requirement is fulfilled would be to eliminate the "exhaustion doctrine" entirely, which we decline to do.

4. We can find no authority for the proposition advanced by appellants that filing for exemptions would be admitting that the statute they challenge is constitutional. We note that appellants here would only utilize the *exemption* provision of the regulation in order to pursue their administrative remedies; if unsuccessful in obtaining their exemption, then the filing requirements of the statute might be attacked separately on the constitutional grounds they urge.

5. We need not reach and therefore express no opinion as to the merits of appellants' claim that the statute is unconstitutional because (1) the statute violates appellants' Fourth Amendment right against warrantless searches and seizures; (2) the statute deprives appellants of liberty without due process of law in violation of the Fifth Amendment in that it invades their privacy and is overly broad; and (3) the statute violates appellants' Fifth Amendment privilege against self-incrimination.