**BRENNEMAN ASSOCIATES, INC., et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 83–38.**

District of Columbia Court of Appeals.

Argued July 27, 1983.

Decided Sept. 16, 1983.

---

Richard G. Wise, with whom Abraham J. Greenstein, and J. Gordon Forester, Jr., Washington, D.C., were on brief, for appellants.

Leo N. Gorman, with whom Judith W. Rogers, Corporation Counsel and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before NEBEKER, PRYOR and TERRY, Associate Judges.

NEBEKER, Associate Judge:

Appellants challenge the trial court's dismissal of their complaint which sought (1) an order permitting conversion of the Dorchester House from rental units to condominiums, and (2) six million dollars in damages for the District's wrongful refusal to authorize such conversion. The trial court held that appellants' claims were barred by the doctrine of *res judicata* because materially similar claims had been dismissed on the merits in an earlier action in the United States District Court for the District of Columbia. In the alternative, the trial court noted that the dispute amounted to review of appeals from administrative action in two "contested cases" and would therefore have to be brought in the Court of Appeals. *See* D.C.Code § 1–1510 (1981).[1] Holding that *res judicata* barred only appellants' federal constitutional claims and not their local administrative appeals, we nevertheless affirm the trial court. Appellants' administrative claims arose out of contested cases, review of which is within our exclusive jurisdiction.

I

Appellants are a partnership and its individual partners with contract rights to purchase the Dorchester House apartments. Settlement on the contract was to have followed issuance of a license for the conversion.

In their complaint, appellants asserted that the actions of the District in frustrating their attempts to convert the Dorchester House violated their rights under the due process clause of the Fifth Amendment and the District of Columbia Administrative Procedure Act ("DCAPA"). Specifically, appellants claimed that the District of Columbia Department of Housing and Community Development ("DCHCD") acted illegally in two separate but related circumstances.

First, appellants argue that the DCHCD wrongfully refused to accept and process its October 22, 1979, application for registration of condominiums. Essentially, appellants sought to take advantage of the statutory hiatus left by Judge Revercomb's opinion in *Washington Home Ownership Council, Inc. v. District of Columbia*, D.C.Super.Ct. (C.A. No. 10624–79, October 22, 1979), which invalidated the then existing law underlying the condominium moratorium because it was wrongfully enacted by the D.C. City Council as emergency legislation. *See District of Columbia v. Washington Home Ownership Council, Inc.*, 415 A.2d 1349 (D.C.App.1980). Appellants thus claimed that the DCHCD was required to process their application as if the moratorium were no longer in effect.

Secondly, appellants urge that the DCHCD wrongfully denied its separate June 2, 1980, application for an exemption from the condominium moratorium.[2] Appellants further claim that the DCHCD

---

1. After the trial court's ruling, appellants did file two petitions for review of administrative action in this court. *Brenneman Associates, Inc. v. D.C. Department of Housing and Community Development*, Nos. 82–1608, 82–1609. On the District's motion, both of these cases were dismissed for failure to timely petition for review.

2. Appellants claimed that they qualified for an exemption under a moratorium provision which exempted those applicants who had filed a notice of intent to convert with the affected tenants by a certain date.

wrongfully terminated an administrative appeal taken from the original adverse action.

On January 26, 1981, appellants had addressed these same contentions to the United States District Court for the District of Columbia, seeking a declaratory judgment and injunctive relief. Appellants sought to establish federal jurisdiction through a 42 U.S.C. § 1983 (1976) claim based upon the DCHCD's handling of appellants' request for authorization to convert the Dorchester House. By order filed on September 29, 1981, the District's motion to dismiss was granted. The court noted:

> Plaintiffs have failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. Section 1983. Moreover, exclusive jurisdiction over the claims plaintiff seeks to establish rests with the local courts of the District of Columbia. *See* [D.C.Code § 1–1510 (1981); *id.* § 11–722]. Additionally, plaintiffs have failed to demonstrate a substantial constitutional question in this case. Finally, in any event, this falls within the class of cases calling for abstention by the federal courts. [Citations omitted.]

*G.V. Brenneman, Jr. v. District of Columbia,* C.A. No. 81–0179, Sept. 29, 1981.

On April 28, 1982, appellants filed suit against the District of Columbia in Superior Court seeking a declaratory judgment, injunctive relief, and damages based upon the same facts. By order dated November 29, 1982, the trial court granted the District's motion to dismiss.

 To the extent that the trial court disposed of all of appellants' claims on the basis of *res judicata,* we decline to rest our decision on an analysis and application of that doctrine. To do so would unnecessarily fragment our review. In any event, appellants failed timely to bring their appeal of the DCHCD's administrative decisions in this court as permitted by D.C.Code § 1–1510 (1981) for contested cases. *See, e.g., Citizens Ass'n of Georgetown, Inc. v. Washington,* 291 A.2d 699 (D.C.App.1972). Neither did they seek review of "agency action unlawfully withheld." *See* D.C.Code § 1–1510(a)(2) (1981). As accurately stated by the trial court,

> even if these claims were before this court for the first time, the court would conclude that the essence of plaintiffs' claims is a grievance, stated in constitutional terms, based on an adverse action taken by a District of Columbia administrative agency in a "contested case," and therefore that exclusive jurisdiction over such a claim would lie in the District of Columbia Court of Appeals and not in this court.

We agree. *See District of Columbia v. Douglass,* 452 A.2d 329 (D.C.App.1982).[3] The inclusion of a monetary claim does not rescue the appellants' cause, for there is no such liability on the underlying claim. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

*Affirmed.*

---

**3.** In *District of Columbia v. Douglass, supra,* we held that a "contested case" within the meaning of the DCAPA could arise out of administrative action where there was a right to a hearing, and not solely where a hearing had actually been afforded. D.C.Code § 1–1510 (1981). Appellants may not escape this holding simply because it issued after they filed suit in Superior Court. The law was otherwise sufficiently clear. *See Chevy Chase Citizens Ass'n v. District of Columbia Council,* 327 A.2d 310 (D.C.App.1974); *Citizens Ass'n of Georgetown, Inc. v. Washington,* 291 A.2d 699 (D.C. App.1972).