Thomas David **JONES**, Esquire, Petitioner,

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD**, Respondent.

No. 91–AA–483.

District of Columbia Court of Appeals.

Argued Jan. 13, 1993.

Decided March 9, 1993.

Marsha Brown, for petitioner. Thomas David Jones, pro se.

Karen McDonald, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Sidney R. Bixler, Asst. Corp. Counsel, were on the brief, for respondent.

Before ROGERS, Chief Judge, KING, Associate Judge, and KERN, Senior Judge.

KERN, Senior Judge:

This is a petition for review from a disposition made by the Alcohol Beverage and Control Board (the "Board") of a letter of complaint petitioner directed to the Board under the date of October 3, 1990.[1] The complaint asserted that on the evening of August 26, 1990, petitioner, a thirty-eight year old male, and two friends attempted to enter a nightclub serving alcoholic beverages and doing business as Tracks D.C.,

**1.** In addition to his original letter of complaint, petitioner sent a follow-up letter to the Board dated November 28, 1990, and a letter dated February 4, 1991, to the Mayor requesting assistance in having the Board pursue his complaint.

Inc., which is located at 57 L Street, S.E. Petitioner alleged in his letter of complaint that Tracks denied him entry because he was unable to present identification proving that he was 21 years of age or older, and that this particular exclusion by Tracks violated the District of Columbia Alcohol Beverage Control Act, D.C.Code § 25–121 (1990 Supp.) (the "Act"), Alcohol Beverage Control ("ABC") Regulations, 35 DCMR §§ 903 *et seq.* (June 24, 1988), and his constitutional rights.

The record reflects that the Board investigated petitioner's allegations and, on November 14, 1990, met with Mr. Martin Chernoff, president of Tracks. Petitioner was invited to the meeting[2] but did not attend. He asserted that he was given only one day's notice of the meeting and, hence, was unable to reschedule his appointments in order to be present. Subsequent to the meeting, the Board responded to petitioner's complaint by a letter dated March 27, 1991. The Board's letter stated that Tracks' policy of requiring identification as a prerequisite to admission for the purpose of consuming alcohol was in accordance with the Act, D.C.Code § 25–121 (1990 Supp.). Petitioner challenges, *inter alia,* the Board's regulations, procedures and response to his complaint.

We are constrained to conclude upon the particular facts and circumstances in this record that this court lacks jurisdiction because the Board's action did not arise out of a contested case proceeding. Therefore, the petition for review must be dismissed.

This court has jurisdiction under D.C.Code § 11–722 (1991 Repl.) "to review orders and decisions of any District of Columbia agency 'in accordance with the District of Columbia Administrative Procedure Act [the "DCAPA"].' " *Donnelly Associates v. District of Columbia Historic Preservation Review Bd.,* 520 A.2d 270, 276 (D.C.1987). The DCAPA limits the jurisdiction of this court to hear and decide petitions for review of administrative agencies to "contested case[s]." D.C.Code § 1–1510(a) (1992 Repl.). The statute defines a contested case as "a proceeding before ... any agency in which the legal rights, duties, or privileges of specific parties are required by any law ..., or by constitutional right, to be determined after a hearing ... before an agency." D.C.Code § 1–1502(8). *See Jones & Artis Construction Co. v. District of Columbia Contract Appeals Bd.,* 549 A.2d 315, 318 (D.C.1988); *District of Columbia v. Douglass,* 452 A.2d 329, 331 (D.C.1982). We have defined "hearing" as a "trial type [proceeding] where such is implicitly required by either the organic act or constitutional right." *Chevy Chase Citizens Ass'n v. District of Columbia Council,* 327 A.2d 310, 314 (D.C. 1974) (en banc).[3]

Therefore, one filing a petition for review of an administrative agency action must overcome two jurisdictional hurdles: "first ... [the] administrative hearing must be either statutorily or constitutionally compelled; the second, that such a hearing must be adjudicatory as opposed to legislative in nature." *W.C. & A.N. Miller Development Co. v. District of Columbia Zoning Comm'n,* 340 A.2d 420, 422 (D.C.1975) (en banc). In the instant case, petitioner has not successfully vaulted the first hurdle.

The Act under which petitioner proceeded in the instant case does not entitle him to any such "compelled administrative" hearing. D.C.Code § 25–106 (1991 Repl.) limits the authority of the Board to "administer and enforce the provisions of this chapter and rules issued pursuant to this chapter, related to the importation, distribution, and sale of alcoholic beverages in the District." In that capacity, the Board is authorized to issue and renew licenses (§ 25–106(b)(2)); to suspend licenses (§ 25–

---

2. The Board's characterization of their meeting with Mr. Chernoff as a "hearing" does not transform that informal session into a "quasi-judicial" or an "adjudicatory" tribunal. *See United States, et al. v. Florida East Coast Ry. Co.,* 410 U.S. 224, 239, 93 S.Ct. 810, 818, 35 L.Ed.2d 223 (1973).

3. Stated in the alternative, the proceeding should "assume[ ] primarily a quasi-judicial nature." *Citizens Ass'n of Georgetown, Inc. v. Washington,* 291 A.2d 699, 704 (D.C.1972).

106(b)(6)); [4] to provide for hearings regarding beverage applications, renewals and transfers (§ 25–115(c)(1), (4) & (5)); and, to "conduct hearings on any matter properly within its jurisdiction in accordance with § 1–509" (§ 25–106(c)(1)). D.C.Code § 25–106(b) governs the case before us. This section empowers the Board to "conduct investigations, on its own initiative or on the basis of valid complaints to identify violations of this chapter or rules issued pursuant to this chapter." The regulations governing these investigations are found in DCMR §§ 1800 *et seq.* As pertinent, they provide:

> 1800.1 The Board shall receive, at any time during the license period, complaints from any person alleging a violation by a licensee of the Act or this subtitle. Complaints shall be in writing and set forth enough information to allow the Board or its staff to investigate the matter.

> 1800.2 Any written complaint shall be kept confidential by the Board, to the extent permitted by law, unless the writer specifically states that it may be made public. All written complaints which identify the complainant by name and address will be responded to in writing by the Board or its staff within ninety (90) days of receipt of the complaint, and shall advise the complainant of what action the Board or its staff has taken on the matter....

Petitioner's letter of complaint was processed pursuant to these provisions. None of the statutory or regulatory provisions applicable here explicitly or implicitly entitle the petitioner to a trial-type hearing of a kind within the parameters of a contested case.

Similarly, we find no constitutional basis entitling petitioner to an adjudicatory hearing by the Board of the particular complaint contained in his letter. It is clear that "there exists an essential dichotomy between discriminatory action by the State" which is constitutionally protected, and "private conduct, 'however discriminatory or wrongful,' " which is not. *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 172, 92 S.Ct. 1965, 1971, 32 L.Ed.2d 627 (1972) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948)). Tracks, the club, is a privately-held corporation whose asserted violations of statutes may be investigated, and then, if warranted, prosecuted by the Board or others agencies. The fact that the nightclub is licensed and regulated by the District of Columbia is no valid ground to support petitioner's claim that his complaint constituted a contested case because "[g]overnmental licensing or extensive regulation of private activity alone does not warrant ascribing acts of the regulated entity to the state." *Woodward & Lothrop v. Hillary,* 598 A.2d 1142, 1146 n. 6 (D.C.1991) (citing *Moose Lodge No. 107 v. Irvis, supra,* 407 U.S. at 177, 92 S.Ct. at 1973).

Accordingly, this court is without jurisdiction of this petition for review.[5]

*Petition dismissed.*

---

**4.** The power to suspend licenses encompasses establishments who serve alcoholic beverages to those customers below the age of 21. *See* D.C.Code § 25–121 (1991 Repl.), and DCMR §§ 900 *et seq.*

**5.** It is important to note that § 25–121(h) provides:

> The rights and remedies contained in this section shall not be construed to limit or exclude other rights and remedies provided by law with respect to discrimination.

Thus, aggrieved individuals in a situation such as the instant case are not foreclosed from all redress. For example, The District of Columbia Human Rights Act, D.C.Code §§ 1–2501 to – 2557 (1991 Repl.), provides "both administrative and judicial remedies for discrimination.... An aggrieved individual may elect to file a complaint with OHR [Office of Human Rights] or in any court of competent jurisdiction within one year of the occurrence or discovery of an unlawful discriminatory practice." *Simpson v. Office of Human Rights,* 597 A.2d 392, 396 (D.C.1991) (citations omitted).